UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ROWE PLASTIC SURGERY OF NEW JERSEY,
LLC, AND EAST COAST PLASTIC SURGERY, P.C.,

            Plaintiffs,

-against-                                              23 CIV 8298 (CM)(SN)

AETNA LIFE INSURANCE COMPANY,

            Defendant.

-----------------------------------------------------------x

## ORDER DISMISSING COMPLAINT WITH PREJUDICE

McMahon, J.:

    This is yet another in a long line of cases brought by Rowe Plastic Surgery of New Jersey, East Coast Plastic Surgery, and their principal, Dr. Norman Maurice Rowe, seeking to transform telephone calls to verify benefits for an out-of-network provider into a promise to pay plaintiffs 80% of the amount that plaintiffs charged one of their patients for bilateral breast reduction surgery and panniculectomy. Two of my colleagues – The Hon. Jed S. Rakoff and The Hon. Denise L. Cote – have already dismissed claims brought by these very plaintiffs against Aetna in relation to different patients under exactly the same theory. See *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.* 705 F. Supp. 3d 194 (S.D.N.Y. Dec. 11, 2023); *Rowe Plastic Surgery of New Jersey LLC v. Aetna Life Ins. Co.*, No. 23 Civ. 8529 (DLC), 2024 WL 382143 (S.D.N.Y. Feb. 1, 2024). Judge Rakoff's decision dismissing the exact same claims that the plaintiffs in this action has asserted against Aetna – claims for breach of contract, unjust enrichment, promissory estoppel and fraudulent inducement – on exactly the same basis was affirmed by the United States Court of Appeals for the Second Circuit. *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024). In January of this year, the court directed plaintiffs to show cause why their complaint should not be summarily dismissed on the basis of the Second Circuit's decision. Their response to the order to show cause identified no reason why the court should not dismiss this complaint, and I can see no reason why I should not simply do so on the authority of the earlier decisions, rather than writing a duplicative decision.

    Accordingly, for the reasons articulated by the Court of Appeals and by my esteemed colleagues in their cases against Aetna – cases that are factually and legally indistinguishable from this case – the complaint is DISMISSED. As there is no possibility that plaintiffs could plead any legally cognizable claim, dismissal in this case, as in the cases before Judges Rakoff and Cote, is with prejudice and without leave to amend.

The Clerk of Court is directed to remove the motion at Docket #20 from the court's list of open motions and to close the file.

Dated: June 26, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL